UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA AARON BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05CV1225(HEA) |
| | ) |
| JEFFERSON COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Joshua Aaron Bell, a prisoner at the Jefferson County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $1.30, and an average monthly account balance of $1.30. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0.26, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal

construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Jefferson County and Detective Kerwin are named as defendants. Plaintiff's complaint concerns his arrest on drug manufacturing charges. Specifically, plaintiff claims (1) that Detective Kerwin entered into and conducted a search of plaintiff's home in violation of plaintiff's fourth amendment rights; (2) that Detective Kerwin maced plaintiff while effecting plaintiff's arrest in violation of plaintiff's fourth amendment rights; (3) that Detective Kerwin falsified his police report; (4) that the jail is over capacity; (5) that he was detained for at least two and one-half weeks without being arraigned.

**Discussion**

Plaintiff's claims against defendant Kerwin regarding the allegedly illegal search and the use of force during his arrest survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendant Kerwin reply to these claims.

Plaintiff's claims against Jefferson County, however,

3

should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Although Jefferson County is not absolutely immune from liability under § 1983, it cannot be held liable under a respondeat superior theory. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978). Liability cannot be imposed on Jefferson County absent an allegation that unlawful actions were taken pursuant to a municipality's policies or customs. *Id*. at 694. There being no such allegations in the instant action, plaintiff's claims against Jefferson County should be dismissed.

Plaintiff's claims concerning police misconduct and malicious prosecution should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87. The Supreme Court further directed that when reviewing a prisoner's § 1983 complaint for damages this Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

4

The rationale of *Heck* concerning a post-conviction § 1983 claim for damages applies equally to a pre-conviction § 1983 claim for damages that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. If such a pre-conviction § 1983 claim could proceed while state criminal proceedings are ongoing, then there would be the potential for inconsistent determinations in the civil and criminal cases. Plaintiff, for example, could use a favorable determination in his § 1983 civil action to collaterally attack an adverse decision in his state criminal case. In terms of the harm that *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point after the civil rights action is instituted.

In the case at hand, plaintiff claims that he is actually innocent of the pending criminal charges and that his arrest and subsequent detention on these allegedly false charges is a violation of his civil rights. A favorable determination on plaintiff's § 1983 claim would necessarily imply the invalidity of a potential conviction on his pending criminal charge. Therefore, plaintiff's police misconduct and malicious prosecution claims should be dismissed for failing to state a claim on which relief may be granted. *See Harvey v. Waldron*, 210 F.3d 1008, 1013-16 (9th Cir. 2000); *Beck v. Muskogee Police Dep't*, 195 F.3d 553, 556-59 (10th Cir. 1999); *Shamaiezadeh v. Cunigan*, 182 F.3d 391, 394-99 (6th Cit. 1999); *Covington v. New York*, 171 F.3d 117, 121-24 (2nd

Cir. 1999); *Washington v. Summerville*, 127 F.3d 552, 555-56 (7th Cir. 1997).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $0.26 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Jefferson County because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Kerwin.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Kerwin shall reply to the complaint within

the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 13th day of December, 2005.

_____
**UNITED STATES DISTRICT JUDGE**